# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **KELLY RAY ESTHAY** | **CIVIL ACTION NO. 08-997** |
| | **SECTION P** |
| **VS.** | **JUDGE TRIMBLE** |
| **TONY MANCUSO, ET AL.** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Petitioner Kelly Ray Esthay filed a civil rights complaint (42 U.S.C. § 1983) on July 7, 2008. At the time of filing, he was an inmate at Calcasieu Correctional Center, Lake Charles, Louisiana. On April 22, 2009, a notice from the court providing petitioner with information on his case was returned to the court with the notation "return to sender-not here." The document had been mailed to petitioner at the last address supplied.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court . . . ." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

Further, Western District of Louisiana Local Rule 41.3 provides in part that "[t]he failure of [a] *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an

incorrect address and no correction is made to the address for a period of 30 days." More than 30 days have elapsed since the court's correspondence was returned.

Therefore, IT IS RECOMMENDED that plaintiff's petition be DISMISSED in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in Lake Charles, Louisiana, on this 23rd day of June, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE